Dear Senator Jones:
You advise that a vacancy has occurred in the office of alderman in the City of Bastrop. Three years remain in the term of the alderman, who resigned. At issue is whether a special election of the voters should be called to fill the vacancy, or in the alternative, if the remaining aldermen should fill the vacancy by appointment.
The City of Bastrop is governed by the provisions of a legislative charter, which provide for the filling of a vacancy as follows:
 If a vacancy occurs at anytime in the office of alderman, or should any one of the aldermen fail to qualify, the vacancy in such office shall be filled by election by the remaining aldermen at any regular or special meeting of the mayor and board of aldermen. See Section 9 of Act 253 of the 1952 Regular Legislative Session.
In contrast, the Election Code requires that an election be called to fill the vacancy. R.S. 18:602(2)(a) provides:
 (2)(a) If the unexpired term exceeds one year, the governing authority of the local governmental subdivision in which the vacancy occurs, or the school board when the vacancy occurs in its membership, or the governor when a vacancy occurs in the office of district attorney or in an office for which there is not a single governing authority or as provided in Subsection F, within ten days after the vacancy occurs, shall issue a proclamation ordering a special election to fill the vacancy and shall specify in the proclamation, in accordance with R.S. 18:402, the dates on which the primary and general elections shall be held and, in accordance with R.S. 18:467, 467.1, and 468, the dates of the qualifying period for candidates in the special election. In selecting the dates for such special elections, the governing authority or school board as the case may be, may choose a gubernatorial or congressional election date, if such date is available within a year of the occurrence of the vacancy or may select an election date in accordance with R.S. 18:402. In the cases in which the governor has the authority to select the date for such special elections, the governor shall first choose a gubernatorial or congressional election date. If no such date is available within a year of the occurrence of the vacancy, the governor shall then select an election date in accordance with R.S. 18:402. If the governing authority or school board fails to issue the proclamation within ten days after the vacancy occurs, the governor shall issue the proclamation. (Emphasis added).
The provisions of the Election Code quoted above regarding vacancies apply to municipalities operating pursuant to a legislative charter. R.S. 18:602(G) states:
 G. The provisions of this Section shall apply to all local governmental subdivisions, including those operating under the provisions of a legislative charter, but shall not apply where the filling of a vacancy otherwise is provided for by the constitution or by the home rule charter or home rule plane of government of the affected local governmental subdivision. Such constitutional home rule plan provisions shall govern the filling of the vacancies. (Emphasis added).
It is the opinion of this office that the Louisiana Election Code is controlling. Thus, pursuant to R.S. 18:602(G), the Board of Aldermen for the City of Bastrop must issue a proclamation ordering a special election of the voters to fill the vacancy. Attorney General Opinion 01-01 is recalled as in conflict with our conclusion herein.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
CC: Mr. James Charles, Sr. Mr. Jerry Guillot
Date Released: August 15, 2002